AUGUSTINE, Judge.
The central issue in this case is whether it is within the authority of a district court, acting on its own motion, to order that the assets of a trust may be invested only in securities issued or guaranteed by the United States of America. We find that a district court is without such authority, and accordingly, such order as rendered by the district court in this case is hereby set aside and vacated.
The facts which give rise to this litigation are as follows:
On May 10, 1954, Alfred Butterworth created an inter vivos trust for the benefit of himself, his wife, and his three children. That same day, Alfred executed his last will and testament, which created a trust identical to the first, and which provided that all of the testator’s Louisiana property should, upon his death, be held in trust for the benefit of his wife and children. The will expressly provided that the inter vivos and testamentary trusts should be consolidated.
Alfred died on December 21, 1954. His wife, Marne Fourmy Butterworth, and his daughter Eve Camille Hammet, are also deceased, and thus his children, Harry Bruce Butterworth and Barbara Ann But-terworth, are the sole remaining beneficiaries of the trusts.
The present controversy arose out of those trust provisions whereby control over investment and reinvestment of the corpus of the trust is placed in the hands of so-called “investment counsel”. The trust instruments originally named Max Schaum-berger and Edgar M. Brown, Jr. as investment counsel, and provided, further, that in the case of the death or inability of either investment counsel, the survivor was required to appoint a successor. Mr. Brown died on February 8, 1976, and on March 18, 1976, Mr. Sehaumburger, the surviving in-testment counsel, executed a written instrument appointing Noel K. Mickelsen as successor to Mr. Brown. Mr. Schaumbur-ger died on May 4, 1979.
Mr. Mickelsen, having determined to resign, has appointed John D. Wogan and Thomas P. Gillis as the successor investment counsel. The trust instruments, however, do not expressly authorize the appointment of successor counsel by anyone other than the original investment counsel, Sehaumburger and Brown. The petitioners named in this action — the trustee, Whitney; the remaining beneficiaries, Harry Bruce Butterworth and Barbara Ann Butterworth Vockner; prior investment counsel, Noel K. Mickelsen; and the appointed successor counsel, John D. Wogan and Thomas P. Gillis — instituted these proceedings in Civil District Court to have the appointment of Wogan and Gillis judicially confirmed.
The trial court not only confirmed the appointments, but on its own motion and over the objection of the trustee and remaining beneficiaries, ordered that non-real estate assets of the trust be invested only in securities issued or guaranteed by the United States of America unless otherwise authorized by order of the court. The foregoing order was based upon the trial court’s finding that
“[t]he investment counselors in this matter seek unbridled discretion to make any investments with the trust property as they desire ... Granting such unlimited discretion to the investment counselors would grant them the power and ability to exceed the “prudent man rule”. *1217 Trust property must be reasonably maintained and protected for the continuation of the trust and for the trust beneficiaries and consequently conservative investments are warranted and mandated under this standard”. Reasons for Judgment. (Emphasis added).
The trustee, Whitney, and the trust beneficiaries, Harry Bruce Butterworth and Barbara Ann Butterworth Vockner, now prosecute this appeal, contending that the trial court’s order is in contravention of Louisiana law, specifically, those provisions of the Louisiana Trust Code which define the “prudent man rule” with regard to permissible investment by a trustee.
La.R.S. 9:2090 provides that
A trustee in administering a trust shall exercise such skill and care as a man of ordinary prudence would exercise in dealing with his own property.
La.R.S. 9:2127 provides that
Unless the trust instrument provides otherwise, in acquiring, investing, reinvesting, exchanging, retaining, selling, and managing trust property a trustee shall exercise such skill and care as a man of ordinary prudence, discretion, and intelligence would exercise in the management of his own affairs, not in regard to speculation but in regard to the permanent disposition of his funds, considering the probable income as well as the probable safety of his capital. Within the limitations of the foregoing standard, a trustee is authorized to retain and acquire every kind of property and every kind of investment'. Unless the trust instrument provides otherwise, the trustee may retain its own stock together with any rights pertaining thereto but it may not acquire its own stock except as an incident of ownership at the beginning of the trust. (Emphasis added).
The above section is based upon La. R.S. 9:2061 of the 1938 Trust Estates Law as amended by Act 44 of 1962, which abolished the legal list of permissible investments by a trustee.[1] In substituting the “prudent man rule” for the legal list, it was undoubtedly the legislature’s intent to re *1218 move per se restrictions on investment such as those imposed by the trial court in this case. Commenting on the repeal of the list, Leonard Oppenheim, Reporter, Louisiana State Law Institute Trust Revisions Project, wrote:
This change was made because of pressures to add many types of illustrations of permissible investment and thereby make the provision [the “prudent man” rule] broad enough to encompass all possible types of investments. Oppenheim, The 1968 Amendments to the Trust Code of 1964, 43 Tul.L.Rev. 34, at 38.
In an earlier comment on the subject, Oppenheim stated that “[t]he virtue of the ‘prudent man’ rule lies in the fact that it does not embrace a particular form of investment as an absolutely safe repository for capital.” Oppenheim, A New Trust Code for Louisiana — Some Steps Toward Its Achievement, 37 Tul.L.Rev. 169, at 183.
The trust instruments which are the subject of this litigation empower the trustee to exercise “the fullest measure of authority conferred upon or recognized in trustees by applicable Louisiana law.” As we have seen, La.R.S. 9:2127 authorizes a trustee to acquire “every kind of property and every kind of investment”, his sole limitation being the duty to act as a “prudent man”. The trial court’s order, by limiting permissible investments to those securities which are issued or guaranteed by the federal government, imposes restrictions that are more conservative than those contained in the list of R.S. 9:2061 (see n. 1, supra), which allowed a trustee a wider array of investment choices. It necessarily follows that the order usurps the function of the “prudent man” rule, and thus, does violence to the legislative will expressed in R.S. 9:2127.
On the basis of the foregoing, we find that the trial court was without authority to issue the order in question, and accordingly, that order is hereby set aside and vacated. In all other respects, the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART.

. As originally enacted, former R.S. 9:2061 read as follows:
"Unless otherwise provided in the terms of the trust, and except as stated in R.S. 9:2062 and 9:2063 the trustee shall invest the trust funds only in the following classes of securities, which shall be known as the ‘legal list’:
"(1) Obligations of the United States;
"(2) Obligations to which the faith of the United States is pledged for the payment of interest and principal;
"(3) Obligations of the State of Louisiana;
"(4) Obligations of any parish or municipal subdivision of the State of Louisiana, or school or levee or drainage or road district of the state of Louisiana, provided, that at the time of such investment the interest on all obligations of the issuer shall have been regularly paid for at least two years prior to such investment; provided, further, that at the time of purchase the assessed valuation of such parish or subdivision or district shall be not less than five million dollars, and provided, further, that the population of such parish or subdivision or district exceeds 5,000; and obligations of any housing authority created under the Housing Authorities Law, as amended.
"(5) Obligations of any of the states of the United States;
"(6) Legally authorized bonds of any political or municipal subdivision situated in any state of the United States other than the State of Louisiana, which has not within five years next preceding the making of such investment repudiated or defaulted in the payment of any part of either principal or interest of any bond, provided, that such political or municipal subdivision has a population, as shown by the federal census next preceding such investments, of not less than 20,000 inhabitants, and provided further, that the net indebtedness of such political or municipal subdivision does not exceed ten per-centum of the assessed value of its taxable property;
"(7) Bonds and negotiable notes directly secured by a first lien or mortgage on improved real estate in the State of Louisiana, not to exceed sixty per cent of the fair market value of said improved real estate at the time of making such investment, as ascertained by an appraisal thereof made by two competent and disinterested appraisers;
"(8) Full paid shares of building and loan and homestead associations, domiciled in Louisiana, to the extent to which such shares are fully insured by the Federal Savings and Loan Insurance Corporation;
"(9) For a non-corporate trustee only: interest-bearing savings accounts and certificates of deposit of state and national banks, domiciled in Louisiana, to the extent to which such accounts and certificates are fully insured by the Federal Deposit Insurance Corporation.”